**WO**                                                                                    KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Bruce Gamble, | ) | No. CV 12-790-PHX-GMS (LOA) |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Joe Arpaio, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Bruce Gamble, who is confined in the Arizona State Prison Complex-Tucson, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.   On April 26, 2012, Plaintiff filed a First Amended Complaint. In a May 18, 2012 Order, the Court dismissed the First Amended Complaint with leave to amend.  Plaintiff filed a Second Amended Complaint, which the Court also dismissed with leave to amend.

On August 3, 2012, Plaintiff filed a "Motion for Leave to Amend" and lodged a Third Amended Complaint.  Because the Court already granted Plaintiff leave to file a Third Amended Complaint, the Court will grant the Motion and direct the Clerk of Court to file the Third Amended Complaint.

The Court will order Defendant Arpaio to answer Count I of the Third Amended Complaint and will dismiss the remaining claims and Defendant.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against

TERMPSREF

a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

## II.    Third Amended Complaint

Plaintiff names Maricopa County Sheriff Joe Arpaio and Detention Officer Majoris as Defendants in the Third Amended Complaint.  Plaintiff raises three claims for relief.  In

Count I, Plaintiff claims that his First Amendment rights are violated by Defendant Arpaio's mail policy which allowed Plaintiff to only receive postcards from outside senders. Plaintiff claims this policy harmed his business because he could not receive bank statements and other documents relevant to the production of his CD, "Dream after Dream."

In Count II, Plaintiff claims that Defendant Majoris violated his Eighth Amendment rights by retaliating against him for filing a grievance against Defendant Arpaio by mocking Plaintiff in front of other inmates. Plaintiff further alleges that Defendant Majoris physically injured him when he "slugged paperwork thru [the] door trap, intentionally to hurt [Plaintiff]. . .the thrust knocked out [Plaintiff's] denture top plate chipping 2 teeth."

In Count III, Plaintiff relies on the same facts in Count II and alleges that Defendant Majoris violated his Fourteenth Amendment due process rights.

Plaintiff seeks money damages.

**III.     Failure to State a Claim**

    **A.     Counts II and III**

A viable claim of First Amendment retaliation contains five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights (or that the inmate suffered more than minimal harm) and (5) did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); see also Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claims requires an inmate to show (1) that the prison official acted in retaliation for the exercise of a constitutionally protected right, and (2) that the action "advanced no legitimate penological interest"). The plaintiff has the burden of demonstrating that his exercise of his First Amendment rights was a substantial or motivating factor behind the defendants' conduct. Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989).

Plaintiff has not alleged sufficient facts in Count II to state a claim for retaliation. With respect to the alleged verbal abuse, "'[v]erbal harassment or abuse . . . is not sufficient

1   to state a constitutional deprivation under 42 U.S.C. § 1983.'" <u>Oltarzewski v. Ruggiero</u>, 830

2   F.2d 136, 139 (9th Cir. 1987) (quoting <u>Collins v. Cundy</u>, 603 F.2d 825 (10th Cir. 1979)).

3   With respect to Plaintiff's allegation that Defendant Majoris injured him by shoving

4   paperwork through the trapdoor of his cell, Plaintiff has failed to allege facts demonstrating

5   that this was in retaliation for Plaintiff filing a grievance.  Further, Plaintiff's facts are not

6   sufficient to state an excessive force claim against Defendant Majoris.    Accordingly,

7   Plaintiff has failed to state a claim in Counts II and III and the Court will dismiss these

8   claims.

9   **IV.    Claim for Which an Answer will be Required**

10          Liberally construed, Plaintiff has stated a First Amendment claim in Count I against

11  Defendant Arpaio.  The Court will require Defendant Arpaio to answer Count I of the Third

12  Amended Complaint.

13  **V.    Warnings**

14         **A.    Release**

15         Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.

16  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

17  the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result

18  in dismissal of this action.

19         **B.    Address Changes**

20         Plaintiff must file and serve a notice of a change of address in accordance with Rule

21  83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

22  relief with a notice of change of address.  Failure to comply may result in dismissal of this

23  action.

24         **C.    Copies**

25         Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy

26  of every document that he files. Fed. R. Civ. P. 5(a).  Each filing must include a certificate

27  stating that a copy of the filing was served. Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit

28  an additional copy of every filing for use by the Court.  <u>See</u> LRCiv 5.4.  Failure to comply

1  may result in the filing being stricken without further notice to Plaintiff.

2        **D.**    **Possible Dismissal**

3        If Plaintiff fails to timely comply with every provision of this Order, including these

4  warnings, the Court may dismiss this action without further notice.  <u>See</u> <u>Ferdik v. Bonzelet</u>,

5  963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to

6  comply with any order of the Court).

7        **IT IS ORDERED:**

8        (1)    Plaintiff's August 3, 2012 Motion for Leave to Amend (Doc. 19) is **granted**

9  **in part** to the extent that the Clerk of Court **must file** the lodged Third Amended Complaint.

10  The Motion is **denied in part** with respect to all other relief requested.

11        (2)    Counts II and III of the Third Amended Complaint are **dismissed** without

12  prejudice.

13        (3)    Defendant Majoris is **dismissed** without prejudice.

14        (4)    Defendant Arpaio must answer Count I of the Third Amended Complaint.

15        (5)    The Clerk of Court must send Plaintiff a service packet including the Third

16  Amended Complaint (Doc. 20), this Order, and both summons and request for waiver forms

17  for Defendant Arpaio.

18        (6)    Plaintiff must complete and return the service packet to the Clerk of Court

19  within 21 days of the date of filing of this Order.  The United States Marshal will not provide

20  service of process if Plaintiff fails to comply with this Order.

21        (7)    If Plaintiff does not either obtain a waiver of service of the summons or

22  complete service of the Summons and Third Amended Complaint on Defendant within 120

23  days of the filing of the Complaint or within 60 days of the filing of this Order, whichever

24  is later, the action may be dismissed.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

25        (8)    The United States Marshal must retain the Summons, a copy of the Third

26  Amended Complaint, and a copy of this Order for future use.

27        (9)    The United States Marshal must notify Defendant of the commencement of this

28  action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal

Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  **The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

      (a)   personally serve copies of the Summons, Third Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

      (b)   within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant.  The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Third Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10)   **If Defendant agrees to waive service of the Summons and Third Amended Complaint, he must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11)   Defendant must answer the Third Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

. . .

. . .

. . .

. . .

. . .

1   (12) This matter is referred to Magistrate Judge Lawrence O. Anderson pursuant to

2 Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as

3 authorized under 28 U.S.C. § 636(b)(1).

4   DATED this 9th day of October, 2012.

5

6

7           G. Murray Snow
           United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28