**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Bruce Gamble, | ) | No. CV-12-790-PHX-GMS (LOA) |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| Joe Arpaio, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

This case arises on Defendant Joe Arpaio's ("Sheriff Arpaio") Motion for Order Authorizing Defendant Sheriff Arpaio to file Motion to Dismiss under Seal and Motion to Enforce Release and Motion to Dismiss with Prejudice, lodged under seal on January 7, 2013. (Docs. 30-31)  Relying on Federal Rule of Civil Procedure 5.2(d)[1] and civil Local Rule ("LRCiv") 5.6(b), Sheriff Arpaio requests the Court seal his dispositive motion and attached copy of a settlement agreement executed by the parties when they settled a prior lawsuit which, according to Sheriff Arpaio, bars Plaintiff from bringing this action. (Doc.

---

[1] Federal Rule of Civil Procedure 5.2(d) provides that a district "[c]ourt may order that a filing be made under seal without redaction. The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record." While this Rule plainly gives a district court discretion to seal or redact filed documents, how that discretion is exercised depends on the reasons for sealing or redaction, when the request is made, and whether the appropriate legal standard is met.

30) Sheriff Arpaio contends that because the prior "settlement agreement expressly provides that the parties to the agreement shall maintain the confidentiality of the terms of the agreement[,]" good cause exists to seal his dispositive motion. (*Id*.)  Because no compelling reason is proffered to seal Sheriff Arpaio's dispositive motion and the prior settlement agreement, the Court will deny the motion to seal his dispositive motion and attached settlement agreement.

**I. Background**

After filing his original complaint on April 13, 2012 and thereafter amending that complaint, *pro se* Plaintiff, an inmate in the Arizona Department of Corrections, filed a Third Amended Complaint on October 9, 2012, alleging his First Amendment rights were violated by Sheriff Arpaio's Maricopa County Jail mail policy which restricted Plaintiff's receipt to only postcards from outside senders. (Doc. 21)  Plaintiff claims Sheriff Arpaio's mail policy damaged his business while he was incarcerated in the Maricopa County Jail because he could not receive bank statements and other documents relevant to the production of his CD, "Dream after Dream." (*Id*. at 3)  Though two other counts were dismissed for failure to state a claim, Count I survived the 28 U.S.C. § 1915A(a) mandatory screening and this § 1983 civil rights action was allowed to proceed. (Doc. 22)

On December 10, 2012, the Court denied as premature Plaintiff's Motion for Disposition of Case because Sheriff Arpaio had until January 7, 2013 in which to file his answer or other responsive pleading as authorized by Rule 12, Fed.R.Civ.P. (Doc. 29)  Federal Rule of Civil Procedure 8(c)(1) requires Sheriff Arpaio to affirmatively state any avoidance or affirmative defense, like release, *res judicata*, and, perhaps, claim or issue preclusion, in his first responsive pleading. Rule 8(c)(1), Fed.R.Civ.P., enumerates eighteen affirmative defenses, including release and *res judicata*.  *See Santiago v. Amdocs, Inc*., 2011 WL 6372348, at *4 (N.D. Cal. Dec. 19, 2011); *Lattanzio v. Ackerman*, 682 F.Supp.2d 781 (E.D. Ky. Feb. 1, 2010); *In re Chase*, 392 B.R. 72, 79-80 (Bankr. S.D.N.Y. Aug. 18, 2008) ("[R]es judicata is a judicial doctrine encompassing two different principles, commonly referred to as claim preclusion and issue preclusion.") (citation omitted). Rather than file an

1    answer, Sheriff Arpaio elected to lodge timely motions to seal and dismiss, claiming

2    Plaintiff's lawsuit is barred by the parties' 2008 Receipt, Release and Indemnity Agreement.

3    (Doc. 31-1 at 6-7, Exhibit ("Exh.") A)

4           Sheriff Arpaio's Motion to Enforce Release and Motion to Dismiss with Prejudice

5    alleges that "[b]y operation of the Release, Plaintiff contracted that Sheriff Arpaio is

6    'release[d] and forever discharge[d]' from that claim, including 'any and all liability' arising

7    out of the implementation of the [Jail] postcard policy and 'any and all future injuries, death

8    and/or damages arising out of the [MCSO postcard policy], including those not now known

9    to any of the parties hereto, but which may later develop or be discovered, and including but

10   not limited to the effects or consequences thereof, and including all causes of action, claim

11   or right thereof.'" (Doc. 31 at 5) (citing Exh. A at 1, ¶ 3). He seeks dismissal with prejudice

12   of this action because "[t]he Release forever barred [Plaintiff's] claims relating to the matter

13   settled, that is, Sheriff Arpaio's alleged First Amendment violations arising out of the MCSO

14   postcard policy." (*Id*. at 5)

15          Though he cites only Arizona substantive law, Sheriff Arpaio's dismissal motion does

16   not address whether Arizona or federal substantive law controls the settlement issue raised

17   in his dismissal motion. *See, e.g., Petro-Ventures, Inc. v. Takessian*, 967 F.2d 1337, 1340 (9th

18   Cir. 1992) ("[F]ederal law always governs the validity of releases of federal causes of

19   action."). Assuming without deciding that Arizona law controls Sheriff Arpaio's dismissal

20   motion, upon the execution of a release and settlement agreement, Arizona law bars

21   subsequent litigation between the same parties if the parties "unequivocally expressed their

22   intention" to bar all claims which the parties reasonably contemplated and intended to

23   dispose of at the time of the settlement agreement, "even if the claims were unknown at the

24   time of the settlement." *See BFD Invs. v. Barnyard Heritage*, 2012 WL 3945318 (Az. Ct.

25   App. Sept. 11, 2012) (citing *Dansby v. Buck*, 92 Ariz. 1, 7, 373 P.2d 1, 5 (Ariz. 1962); *see

26   also Cumis Ins. Soc., Inc. v. Merrick Bank Corp*, 680 F.Supp.2d 1077, 1094-95 (D. Ariz.

27   2010); *Invitrogen Corp. v. Employers Ins. Co. of Wausau*, 2007 WL 841413, at *6-7 (D.

28   Ariz. March 16, 2007); *Jackson v. ABC Nissan, Inc*., 2007 WL 2701982 (D. Ariz. Sept. 13,

2007); *Mardan Corp. v. C.G.C. Music, Ltd.*, 600 F.Supp. 1049, 1056 (D. Ariz. 1984) ("[T]he Settlement Agreement and Release are effective to bar all claims which the parties reasonably contemplated and intended to dispose of at the time of the Settlement Agreement and Release were executed.") (citation omitted). "Construction and enforcement of settlement agreements, including determinations as to the validity and scope of release terms, are governed by general contract principles." *Emmons v. Superior Court*, 192 Ariz. 509, 512, 968 P.2d 582, 585 (Az. Ct. App. 1998). Courts attempt to enforce a contract according to the parties' intent. *Taylor v. State Farm Mut. Auto. Ins. Co.*, 175 Ariz. 148, 152, 854 P.2d 1134, 1138 (Ariz. 1993).

**II. Sealing Dispositive Motions and Exhibits**

Historically, "[c]ourts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc*., 435 U.S. 589, 597 (1978) (footnotes and citations omitted). "Unless a particular court record is one traditionally kept secret, courts generally apply a strong presumption in favor of access."[2] *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (internal quotation marks omitted). Even "[t]he fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public." *Phillips v. General Motors Corp*., 307 F.3d 1206, 1210 (9th Cir. 2002). "Rule 26(c) authorizes a district court to override this presumption where 'good cause' is shown." *Id.* Whether good cause

---

[2] Generally, the categories of documents "traditionally kept secret" are more frequently found in criminal cases or criminal investigations, such as, grand jury transcripts and warrants in pre-indictment investigations. *Kamakana*, 447 F.3d at 1178; *see also In re Copley Press, Inc*., 518 F.3d 1022 (9th Cir. 2008) and *Oregonian Pub. Co. v. U.S. Dist. Court for Dist. of Oregon*, 920 F.2d 1462, 1463 (9th Cir. 1990) (sealing plea agreement and transcript of guilty plea colloquy ); *Phoenix Newspapers, Inc. v. U.S. Dist. Court for Dist. of Arizona*, 156 F.3d 940, 943–44 (9th Cir. 1998) (closure of hearing and sealing transcripts conducted during jury deliberations concerning threats to jurors);*Times Mirror Co. v. United States*, 873 F.2d 1210, 1211 (9th Cir. 1989) (sealing of search warrants, supporting affidavits, and inventories); *United States v. Loughner*, 807 F.Supp.2d 828, 835 (D. Ariz. 2011) ("If there is no presumptive right of access to the investigation materials, other than under a state law that has no force in this federal proceeding, then the analysis needn't go much further.").

1   exists to protect information from being disclosed to the public requires the district court to

2   balance the needs for discovery against the need for confidentiality. *Id.* at 1213.

3        Under Rule 26(c), Fed.R.Civ.P., district courts have "broad latitude to grant protective

4   orders to prevent disclosure of materials for many types of information, including, but not

5   limited to, trade secrets or other confidential research, development, or commercial

6   information. *Id.* at 1211 (citation omitted); *see also deBarros v. Walmart Stores, Inc*., 857

7   F.Supp.2d 1109 (D. Or. 2012). "[C]ourts have consistently granted protective orders that

8   prevent disclosure of many types of information, such as letters protected under

9   attorney-client privilege which revealed the weaknesses in a party's position and was

10  inadvertently sent to the opposing side, . . . medical and psychiatric records confidential

11  under state law . . . [and] to protect confidential settlement agreements." *Phillips*, 307 F.3d

12  at 1212 (citing, *inter alia*, *Kalinauskas v. Wong*, 151 F.R.D. 363, 365–67 (D. Nev. 1993)).

13  Some district courts have sealed confidential settlement agreements because they "[b]enefit

14  society and the parties involved by resolving disputes relatively quickly, with slight judicial

15  intervention, and presumably result in greater satisfaction to the parties. Sound judicial

16  policy fosters and protects this form of alternative dispute resolution . . .The secrecy of a

17  settlement agreement and the contractual rights of the parties thereunder deserve court

18  protection." *Kalinauskas*, 151 F.R.D. at 365; *see also Prosurance Group, Inc. v. Liberty Mut.*

19  *Group, Inc.*, 2011 WL 704456 (N.D. Cal. Feb. 18, 2011); *Daniels v. Bursey*, 2006 WL

20  468015, at *4 (N.D. Ill. Feb. 23, 2006) (strong public policy favoring settlement of claims

21  was "good cause" to issue protective order for a confidential settlement agreement); *but see*

22  *El Paso Natural Gas Co. v. Southwest Forest Products, Inc*., 2008 WL 4808892 (D. Ariz.

23  Oct. 28, 2008) (denying parties' joint request to seal confidential settlement agreement for

24  "fail[ing] to articulate how the parties' need for confidentiality of the settlement agreement

25  overcomes the strong presumption of public access to the parties' agreement.").

26       When a dispute arises, however, on a claim a party breached a confidential settlement

27  agreement, district courts have authorized the filing of the complaint and motion for

28  preliminary injunction under seal pursuant to Rule 26(c)'s good cause standard until required

1    by law to unseal them. *See, e.g., United Rentals, Inc. v. Ahern Rentals, Inc.*, 2012 WL

2    5418355 (D. Nev. Nov. 2, 2012); *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252

3    (4th Cir. 1988) ("Once the [sealed discovery] documents are made part of a *dispositive*

4    motion, such as a summary judgment motion, they lose their status of being raw fruits of

5    discovery." (emphasis added, citation and internal quotation marks omitted), cited with

6    approval in *Phillips*, 307 F.3d at 1213).

7        The Ninth Circuit distinguishes between motions to seal documents attached to

8    dispositive versus non-dispositive motions. In the context of civil litigation, like the case *sub*

9    *judice*, where a party seeks to file under seal documents attached to a non-dispositive motion,

10   a showing of "good cause" under Rule 26(c), Fed.R.Civ.P., may outweigh the public's

11   interest in access, as "the public has less of a need for access to court records attached only

12   to non-dispositive motions because those documents are often unrelated, or only tangentially

13   related, to the underlying cause of action." *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 2012 WL

14   2936432, at *1 (N.D. Cal. July 18, 2012) (quoting  *Kamakana*, 447 F.3d at 1179) (internal

15   quotation marks omitted).

16       "By contrast, where a party seeks to file under seal documents attached to a

17   dispositive motion, the strong presumption of public access can be overcome only by an

18   articulat[ion of] compelling reasons supported by specific factual findings, and the Court

19   must conscientiously balance the competing interests' of the public and the party who seeks

20   to keep certain judicial records secret. *Apple, Inc.*, 2012 WL 2936432, at *1 (quoting

21   *Kamakana*, 447 F.3d at 1178-79) (internal quotation marks omitted). "A good cause showing

22   will not, without more, satisfy a compelling reasons' test." *Id*. (citation omitted); *see also*

23   *Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1115 (9th Cir. 2009). As part of this

24   distinction, the Ninth Circuit has noted that "private materials unearthed during discovery

25   are not part of the judicial record." *Pintos*, 504 F.3d at 801 (quoting *Kamakana*, 447 F.3d

26   at 1180). Thus, Rule 26(c)'s good cause standard applies to such documents. *Id.*

27       The District Court of Arizona has recognized that a settlement agreement in an action

28   alleging a violation Fair Labor Standards Act which contained "confidential, personal

- 6 -

information of the parties" was "an insufficient interest to overcome the presumption that an approved FLSA settlement agreement is a judicial record, open to the public." *In re Sepracor Inc. Fair Labor Standards Act (FLSA) Litigation*, 2009 WL 3253947, at *1 (D. Ariz. Oct. 8, 2009) (noting "[s]ealing [FLSA] settlement agreement from public scrutiny would thwart the public's independent interest in assuring that employee's wages are fair and thus do not endanger the national health and well-being.") (internal quotation marks and citations omitted). Of course, the compelling-reasons standard applies to other civil actions as well. *See Idaho Bus. Holdings, LLC v. City of Tempe*, 2007 WL 2390889, at *2 (D. Ariz. Aug. 22, 2007) (denying joint motion to seal settlement agreement in an action challenging the validity of certain Arizona statutes for failure to meet *Kamakana's* compelling reasons standard).

"It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon*, 435 U.S. at 598. The Ninth Circuit has explained that "compelling reasons" that justify sealing court records generally exist when "the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (citation and internal quotation marks omitted). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id*. (citing *Foltz*, 331 F.3d at 1136).

**III. Dispositive Motions**

"Motions to dismiss are typically treated as dispositive." *BT Collective v. IP Holdings, LLC*, 2011 WL 5873388, at *3 (S.D. Cal. Nov. 23, 2011) (citing *In re PPA Products Liability Litigation*, 460 F.3d 1217, 1231 (9th Cir. 2006) (In MDL litigation, transferee judge is authorized to "exercise the powers of a district judge in any district . . . including *dispositive motions such as motions to dismiss*, motions for summary judgment, . . . .") (emphasis added); *see also Brock v. Skolnik*, 2011 WL 6026298, at *4 (D. Nev. Dec.

2, 2011) ("The court finds that defendants' motion to dismiss, being at least potentially dispositive, is governed by the "compelling reasons" standard."). Even a *Daubert*[3] motion when connected to a pending summary judgment motion may be effectively dispositive, requiring a compelling-reasons analysis prior to sealing such records. *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119-20 (9th Cir. 2012) (district court order that expert's report and related records be sealed until court determined whether the report was admissible was reversed for not identifying compelling reasons to temporarily seal the records). Requesting the dismissal of this action with *prejudice*, as the title to his motion requests, Sheriff Arpaio's motion is clearly dispositive, elevating the sealing standard to a showing of compelling reasons.

**IV. Discussion**

Sheriff Arpaio's motion to seal does not discuss, much less establish, the compelling reasons standard required by the Ninth Circuit to seal his dispositive motion. Here, neither party is requesting the settlement agreement be sealed as an exhibit to a complaint or answer nor is it a "private material[] unearthed during discovery." *Pintos*, 504 F.3d at 801. Rather, it is a document voluntarily entered into to settle prior litigation between the parties, which is directly relevant to Sheriff Arpaio's release defense in this action. Because the parties' prior settlement agreement required them to maintain the confidentiality of the terms of their agreement is not a compelling reason to seal the settlement agreement upon the filing of a dispositive motion. "[T]he [mere] fact that the parties' agreement contains a confidentiality provision is an insufficient interest to overcome the presumption that a [court] approved . . . settlement agreement is a judicial record, open to the public." *M.P. ex rel. Provins v. Lowe's Cos., Inc.*, 2012 WL 1574801, at *2 (E.D. Cal. May 3, 2012) (citation omitted).

**V. Leave to Withdraw or File Motion to Dismiss with Prejudice**

Sheriff Arpaio has the option of withdrawing the Motion to Enforce Release and

---

[3] *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

Motion to Dismiss with Prejudice or moving forward with it as part of a public record. If Sheriff Arpaio wishes to withdraw the Motion to Enforce Release and Motion to Dismiss with Prejudice and proceed by answer or other motion, he must file a notice to that effect on or before Friday, January 18, 2013. If Sheriff Arpaio decides to proceed with the Motion to Enforce Release and Motion to Dismiss with Prejudice, he must file an unsealed Motion to Enforce Release and Motion to Dismiss with Prejudice on or before Friday, January 18, 2013. The Court will stay *sua sponte* Sheriff Arpaio's deadline to file an answer or otherwise respond to Plaintiff's Third Amended Complaint to Friday, January 18, 2013.

**VI. Conclusion**

As a dispositive motion predicated upon an attached exhibit, "[t]he presumption in favor of access applies and [Sheriff Arpaio] must offer compelling reasons for sealing the [dispositive motion and attached exhibit]." *BT Collective*, 2011 WL 5873388, at *3 (citing *Kamakana*, 447 F.3d at 1179). He has failed to do so.

Based on the foregoing,

**IT IS ORDERED** that Defendant Joe Arpaio's Motion for Order Authorizing Defendant Sheriff Arpaio to file Motion to Dismiss under Seal, doc. 30, is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Joe Arpaio's deadline to file an answer or otherwise respond to Plaintiff's Third Amended Complaint is **STAYED** to, and including, **Friday, January 18, 2013.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to deliver a copy of this Order to Plaintiff.

DATED this 10th day of January, 2013.

Lawrence O. Anderson
United States Magistrate Judge